**UNITED STATES DISTICT COURT**
**DISTRICT OF MASSACHUSETTS**

FILED
IN CLERKS OFFICE

**PAUL W. McCREE,**
**Plaintiff**

v.

**PENSION BENEFIT**
**GUARANTY**
**CORPORATION,**
**Defendant**

04  11334 JLT  P 4:41

U.S. DISTRICT COURT
CIVIL ACTION NO. DISTRICT OF MASS.

MAGISTRATE JUDGE

RECEIPT # _____ 56584
AMOUNT $ 150
SUMMONS ISSUED YES
LOCAL RULE 4.1 _____
WAIVER FORM _____
MCF ISSUED _____
BY DPTY. CLK. _____
DATE 6/15/04

## COMPLAINT

This case is being brought against the Pension Benefit Guaranty Corporation ("PBGC")

pursuant to 29 U.S.C. §1303(f), which states that a participant in a pension or retirement plan may

bring suit against the corporation administering such plan if they are adversely affected by any action

of the corporation with respect to a plan in which such person has an interest. The plaintiff, Paul W.

McCree has indeed been adversely affected by PBGC's administration of his pension plan and now

seeks the intervention of this court to recover benefits due to him under the terms of his plan, and to

enforce his rights under the terms of the plan, pursuant to 29 U.S.C. §1132 (a)(1)(B).

### PARTIES

1. The plaintiff, Paul W. McCree is a Massachusetts resident who resides at 173
   Goodman's Hill Road, Sudbury, County of Middlesex, Commonwealth of
   Massachusetts.

2. PBGC is a corporation with its primary place of business at 1200 K Street, N.W.,
   Washington, in the District of Columbia. Upon information and belief, PBGC is a
   corporation organized under the laws of the District of Columbia and is a wholly
   owned United States government corporation.

## JURISDICTION AND VENUE

3.    This Court has subject matter jurisdiction over this case, pursuant to 29 USCA § 1303 (f)(2)(B), in that the plan had its principal office in Bedford, Massachusetts.

4.    Venue is proper in this Court, pursuant again, to 29 USCA § 1303 (f)(2)(B) which allows an individual to bring a civil action against the PBGC in "the United States district court for the judicial district in which the plan has its principal office."

## FACTUAL ALLEGATIONS

5.    On or about November 1, 1984, McCree began working for H. H. Aerospace Design Co., Inc. as an engineer. Upon information and belief, H. H. Aerospace Design Co., Inc. had a principal place of business in Bedford, Massachusetts.

6.    One of the terms of employment promised to McCree was participation in the H.H. Aerospace Design Co., Inc. Defined Benefit Pension Plan.

7.    H.H. Aerospace Design Co., Inc., by its officers, employees and representatives promised McCree that the terms of its Deferred Benefit Plan had been materially changed, and that pension benefits pursuant to the plan would be paid in addition to the employee's government benefits, including social security benefits.

8.    On or about April 1, 1985, McCree began participating in H. H. Aerospace Design Co., Inc.'s Defined Benefit Pension Plan ("Plan").

9.    On or about November 1, 1991, McCree retired from H. H. Aerospace Design Co., Inc.

10.    On or about the time that McCree retired, H. H. Aerospace Design Co., Inc. filed for bankruptcy and ceased doing business.

11.    After H. H. Aerospace Design Co., Inc. closed its doors, the defendant, PBGC took

over the administration of the Plan.

12.    On or about October 8, 1998, Mr. McCree filed an appeal with the PBGC's Appeals Board based upon the PBGC incorrectly calculating his pension benefits payment and reducing his pension benefit payment based upon his receipt of social security benefits.

13.    Mr. McCree's appeal was denied by the PBGC's Appeals Board on or about January, 1999.

14.    From January, 1999 until the present, Mr. McCree has endeavored to re-open his appeal with the PBGC because his pension benefits have been incorrectly calculated.

15.    The PBGC has failed and otherwise refused to re-open Mr. McCree's appeal.

## COUNT I

## RECOVERY OF BENEFITS DUE

16.    The Plaintiff repeats, realleges and incorporates herein Paragraphs 1 through 15, inclusive, of his Complaint as if fully set forth herein.

17.    Pursuant to 29 U.S.C. §1132(a)(1)(B), Mr. McCree seeks to recover benefits due to him under the terms of the Plan.

18.    Mr. McCree seeks to enforce the Plan's provision which determine his Average Monthly Compensation under the Plan.

19.    Mr. McCree's benefits, as determined by the PBGC, were based on his W-2 earnings, instead of on his actually accrued, or earned wages.

20.    This miscalculation has caused Mr. McCree to receive only a fraction of his earned pension benefits.

21.    Mr. McCree also seeks recovery of benefits unfairly denied to him due to a

misapplication of the term "offset" with respect to his benefit determinations.

WHEREFORE, Plaintiff demands judgment against the Defendant for denial of benefits due and demands incidental and consequential damages, costs and attorneys fees thereon.

**COUNT II**

**BREACH OF CONTRACT - PBGC**

22.    The plaintiff repeats, realleges and incorporates herein Paragraphs 1 through 21, inclusive, of his Complaint as if fully set forth herein.

23.    PBGC, as the administrator of the Plan, has failed to fulfill all the terms and conditions of the guarantee and is responsible to the plaintiff for all monthly under-payments from the date Mr. McCree began collecting under the Plan until the present.

WHEREFORE, Plaintiff demands judgment against the Defendant for it's breach of contract and demands incidental and consequential damages, costs and attorneys fees thereon.

**COUNT III**

**UNJUST ENRICHMENT**

24.    The plaintiff repeats, realleges and incorporates herein Paragraphs 1 through 23, inclusive, of his Complaint as if fully set forth herein.

25.    By underpaying the plaintiff his rightful retirement benefit, PBGC has been unjustly enriched.

WHEREFORE, Plaintiff demands judgment against the Defendant for unjust enrichment and demands incidental and consequential damages, costs and attorneys fees

thereon.

## PRAYERS FOR RELIEF

WHEREFORE, Mr. McCree prays that this Court enter judgment as follows:

1.  Recovery of all benefits due to Mr. McCree pursuant to the Plan, which he has not yet received from the PBGC.

2.  Attorneys' fees and costs that Mr. McCree has incurred as a result of having to institute this civil action.

## JURY DEMAND

PLAINTIFF RESPECTFULLY REQUESTS A TRIAL BY JURY ON ALL ISSUES SO TRIABLE.

Respectfully submitted,
PAUL W. McCREE,
By his attorney,

Raymond Sayeg, BBO # 555437
Law Offices of Raymond Sayeg
4 Longfellow Place, 35th Floor
Boston, MA 02114
(617) 741-1184