UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| PAUL W. McCREE, Jr., | ) | |
| | ) | |
| Plaintiff, | ) | CIVIL ACTION NO. 04-11334 JLT |
| | ) | |
| v. | ) | |
| | ) | |
| PENSION BENEFIT GUARANTY | ) | |
| CORPORATION, | ) | |
| | ) | |
| Defendant. | ) | |

___

**ANSWER OF DEFENDANT
PENSION BENEFIT GUARANTY CORPORATION
TO AMENDED COMPLAINT OF PAUL W. McCREE, Jr.**
___

Defendant Pension Benefit Guaranty Corporation ("PBGC"), by and through undersigned counsel, answers the Amended Complaint of plaintiff Paul W. McCree, Jr. (the "Plaintiff"), as follows:

**PARTIES**

1. Admits.

2. The PBGC admits that PBGC is a wholly owned United States government corporation and an agency of the United States with its principal place of business located at 1200 K Street, N.W., Washington, D.C. 20005-4026. PBGC denies the remaining allegations in paragraph 2.

**JURISDICTION AND VENUE**

3. The allegations contained in Paragraph 3 are legal conclusions to which no response is required.

4. The allegations contained in Paragraph 4 are legal conclusions to which no response is required.

## HISTORICAL FACTS AND ALLEGATIONS

5.  Admits.

6.  PBGC denies that Plaintiff immediately became a Plan participant on the first day he reported for work. PBGC's records indicate that Plaintiff did not become a Plan participant until April 1, 1985. PBGC lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 6 of the Amended Complaint.

7.  PBGC denies that Plaintiff resigned between November and December 1990. PBGC's records indicate that Plaintiff resigned on January 25, 1991. PBGC lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 7 of the Amended Complaint.

8.  Admits.

9.  Denies. PBGC was appointed statutory trustee of the Plan on September 8, 1993.

10. PBGC denies that it received a pension benefit application from Plaintiff in October 1991. PBGC's records indicate that Plaintiff applied for pension benefits on October 18, 1993. PBGC lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 10 of the Amended Complaint.

11. PBGC denies Plaintiff's allegations as stated. PBGC began paying Plaintiff a pension benefit on January 1, 1994, on an estimated basis. PBGC issued a preliminary determination of Plaintiff's benefit entitlement on August 24, 1995, at which time Plaintiff's benefit was preliminarily reduced due to concerns that it exceeded the amount guaranteed by statute. 29 U.S.C. § 1322(b). PBGC made its final determination of

       Plaintiff's benefit on September 22, 1998, and his benefit was subsequently increased on May 1, 2002. PBGC denies the remaining allegations in paragraph 11.

12. PBGC admits that Plaintiff filed an appeal dated October 8, 1998, concerning the final determination of his benefit. The appeal was postmarked October 16, 1998, and was received by PBGC on October 21, 1998. PBGC denies Plaintiff's characterizations of PBGC's actions, and denies the remaining allegations in paragraph 12.

13. PBGC admits that it issued a letter to Plaintiff on October 23, 1998, acknowledging receipt of Plaintiff's October 8, 1998 letter, and admits Plaintiff's descriptions of the inquiry he posed to PBGC. PBGC subsequently issued a separate letter on December 31, 1998, acknowledging receipt of correspondence from Plaintiff dated December 14, 1998, and notifying Plaintiff that his appeal was being closed. PBGC denies the remaining allegations in paragraph 13 of the Amended Complaint.

14. PBGC admits that Plaintiff requested that his administrative appeal be re-opened, and admits the existence of the documents referred to by Plaintiff, but relies on those documents to speak for themselves. PBGC denies that these documents are ambiguous and denies the remaining allegations in paragraph 14.

15. PBGC admits that it maintained cordial relations with Plaintiff spanning years, and admits that in correspondence dated March 13, 2002, PBGC's Office of the General Counsel notified Plaintiff that there was no basis to change his benefit determination and that if Plaintiff wished to challenge PBGC's determination he could seek court review. PBGC denies the Plaintiff's characterizations of PBGC's actions and denies the remaining allegations in paragraph 15 of the Amended Complaint.

## COUNT I

## RECOVERY OF BENEFITS DUE

16. In answer to Paragraph 16, PBGC incorporates by reference, as if fully rewritten herein, each and every response to the allegations contained in paragraphs 1 through 15 of Plaintiff's Amended Complaint. PBGC admits that Plaintiff seeks to recover additional benefits and admits that PBGC's calculation of Plaintiff's pension benefit was based on the provisions of the documents governing the Plan and on Plaintiff's taxable earnings as they appeared on his W-2 forms. PBGC denies that Plaintiff is entitled to additional benefits and denies the remaining allegations in paragraph 16 of the Amended Complaint.

## COUNT II

## BREACH OF CONTRACT

17. In answer to Paragraph 17, PBGC incorporates by reference, as if fully rewritten herein, each and every response to the allegations contained in paragraphs 1 through 16 of Plaintiff's Amended Complaint, and denies the remaining allegations in paragraph 17 of the Amended Complaint.

## COUNT III

## UNJUST ENRICHMENT

18. In answer to Paragraph 18, PBGC incorporates by reference, as if fully rewritten herein, each and every response to the allegations contained in paragraphs 1 through 17 of Plaintiff's Amended Complaint, and denies the remaining allegations in paragraph 18 of the Amended Complaint.

19. Further answering the Amended Complaint, PBGC denies each and every allegation not specifically admitted or otherwise answered herein, and denies that Plaintiff is entitled to the relief requested, or to any relief whatsoever.

### FIRST AFFIRMATIVE DEFENSE

20. The Amended Complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

21. Plaintiff's claims are barred by insufficiency of service of process.

WHEREFORE, PBGC respectfully requests that the Amended Complaint be dismissed with prejudice and that the Court grant such other and further relief as it deems just and equitable.

Respectfully submitted,

Dated: August 20, 2004

/s/ Sherease Pratt Louis
JAMES J. KEIGHTLEY
General Counsel
WILLIAM BEYER
Deputy General Counsel
ISRAEL GOLDOWITZ
Assistant General Counsel
SHEREASE PRATT LOUIS (SL 7322)
Staff Attorney

Attorneys for
PENSION BENEFIT GUARANTY CORPORATION
Office of the General Counsel
1200 K Street, N.W., Ste.340
Washington, D.C.  20005-4026
(202) 326-4020, ext. 3477
(202) 326-4112 (facsimile)
louis.shereasepratt@pbgc.gov and efile@pbgc.gov

## CERTIFICATE OF SERVICE

I certify that copies of the attached Answer of Defendant Pension Benefit Guaranty Corporation to Amended Complaint of Paul W. McCree, Jr., have been filed electronically and mailed by certified mail, return receipt requested, on this 20th day of August 2004, to the following:

Raymond Sayeg, Jr.
4 Longfellow Place, 35th Floor
Boston, MA 02114

Paul W. McCree
173 Goodman's Hill Road
Sudbury, Massachusetts 01776

                                                    /s/ Sherease Pratt Louis
                                                    Sherease Pratt Louis