United States District Court
District of Massachusetts

Paul W McCree, Jr.,          )
                             )
    Plaintiff                )    Civil Action NO. 04-11334JLT
                             )
v.                           )
                             )
Pension Benefit Guaranty     )
Corporation,                 )
                             )
    Defendant                )

FILED
CLERKS OFFICE

2004 SEP -7 P 4: 27

U.S. DISTRICT COURT
DISTRICT OF MASS

## Answer to The Defendant's Response to
## The Plaintiff's Amended Complaint

The Plaintiff, Paul W. McCree, Jr., answers the Defendant's response as follows

### PARTIES

1. The Plaintiff agrees with the response.
2. The Defendant's response does not materially contradict the Amended Complaint. The Plaintiff agrees.

### Jurisdiction and Venue

3. The Plaintiff agrees.

4. The Plaintiff agrees.

### Historical Facts and Allegations

5. The Plaintiff agrees.

6. The Plaintiff agrees.

7. The Plaintiff answers that this information is provided only for historical background. The information is given as best remembered.

8. Plaintiff agrees.

9. The Plaintiff assumed that the PBGC was appointed statutory trustee soon after the failure

1

of the H.H.Aerospace Design Co..

10. The Plaintiff answers that this information is provided only for historical background The information is given as best remembered.

11. The Plaintiff finds no substantive or material difference between paragraph 11 in the Amended Complaint and the Defendant's response. The Plaintiff agrees

12. The Plaintiff, in the original appeal, asked consideration for correction of the Final Determination of Benefit on two counts: I. the average monthly earning was incorrectly estimated and II. the wrong formula was used in the calculation of the monthly benefit. The Plaintiff subsequently showed in written rebuttals of the Defendant's denial that:
   I. The Defendant misinterpreted the definitions specified in the Adoption Agreement (1984), Article I., 1.4, 1.5 (d, e, f) and the KDCAO Defined Benefit Pension Plan and Trust Document for determining the Participant's Average Monthly Compensation.
   II. The Defendant inappropriately used the provisions of the Summary Plan Description (1979) instead of the provisions in the Adoption Agreement (1984), Article V. 5.1 for the formula for calculating the monthly benefit.
Accordingly, the Plaintiff reaffirms his claims that he has been denied the full benefits to which he is lawfully entitled as a Participant of the Defined Benefit Plan (1984) of the H.H.Aerospace Design Co.. See Paragraph 16 for factual proof of these allegations.

13. The Plaintiff finds no allegations at all here. Otherwise, the Defendant's account recapitulates the info provided as historical background in the Amended Complaint.

14. The Plaintiff finds no allegations at all here. The Plaintiff has scrupulously examined the Summary Plan Description (1979), the Adoption Agreement (1984) and the KDCAO Defined Benefit and Trust (1984) Document. These are the determinative and authoritative sources for definition in the HHA Plan (1984) for the determination of the monthly retirement benefit. However, the purview of the Summary Plan Description Document (1979) only applies to Participants **having completed, at date of retirement, all or part of the required period of years of service** while the HHA Plan (1979) was still in effect. Not many, if any, Participants in the HHA Plan (1984) meet this condition..

15. The section titled " Factual Allegations " under paragraph 15., in the Amended Complaint, is a complete review and analysis of the dispute between the Plaintiff and Defendant. The review and analysis of objective fact in the section " Factual Allegations " completely repudiates the Plaintiff's prior justifications for denial. At the same time, the Plaintiff proves, therein, that the Plaintiff's claims for redress are fully justified, supported by and consistent with the provisions of the KDCAO Defined Benefit and Trust Document (1984), the Adoption Agreement (1984), and a common understanding of meaning and usage in the English language.

### Count I

16. The Plaintiff disagrees with the admission that the calculation was correctly based on the provisions of the document governing the Plan and on the Plaintiff's taxable earnings as they appeared on his W-2 forms.

**(Estimation of the Average Monthly Compensation,)**

See the Adoption Agreement (1984), Article I, 1.5(d., e and f). This is the option selected in the Plan for the definition of Compensation with respect to any Participant. **This definition clearly specifies that *Compensation* with respect to any Participant means the total, taxable compensation actually paid or paid and accrued.**

Furthermore, Article I, 1.4 of the Adoption Agreement (1984) specifies: " (Average Monthly Compensatio) means the monthly Compensation of a Participation averaged over the 5 consecutive Years of Service which produce the highest monthly average....." . Thus, in accord with the Adoption Agreement (1984), Article I, 1.4 (d), **the Average Monthly Compensation is the monthly Compensation averaged over 5 consecutive Years of Service within the last ten years of emloyment.**

A principal reason for Defined Benefit Plans is to protect and defend the Participants' just rights for Compensation derived from completed **hours of service**. See the KDCAO Defined Benefit Trust, Article I., Definitions, section 1.24 " Hour of Service". This definition means that the employee is directly or indirectly compensated or **entitled to be compensated** for **hours of service** performed in discharge of duties during the applicable computation period. Among other things, the definition states further on that " For purpose of this section, a payment shall be deemed to be made by or due from the Employer regardless of whether such payment is made by or due from the Employer........" .

**Years of Service are the accumulation of hours of service.** This means that the total, entitled, taxable, paid and accrued compensation derived from the accumulation of specified **years of service** is deemed to be paid.

*Since the meaning of Compensation per the definition above ( i.e. Actually Paid or Paid and Accrued )for any Participant , may vary from any participant to any other participant during any Participant's history of employment, it is prudent, reasonable, just and fair that the option selected in the Plan's Adoption Agreement (1984) leaves the choice of meaning open to allow the final determination of meaning to be made precisely correct for any participant at the time of the Final Determination of Benefit in the case for any participant.*

The Defendant interpreted the meaning in the Plaaintiff's case to be " actually paid " and used W-2 data to determine the Average Monthly Compensation. But the Plaintiff's employer had withheld salary during the period of five Years of Service sampled to calculate the Plaintiff's Average Monthly Compensation. But W-2 data report only wages actually paid. Accordingly, the Defendant's estimate does not include entitled compensation derived from " **paid and accrued** " **hours of service, deemed paid.** Therefore, the Defendant, has misinterpreted definitions of the HHA Plan (1984) and, thus, underestimated the Plaintiff's Average Monthly Compensation.

The Plaintiff submitted, with the original appeal, payroll check stubs to verify record of employment and Compensation derived from **hours of service** covering the required period of 5 **years of service** performed while a salaried employee by the H. H. Aerospace Design Co. ..

The Defendant's rejection and denial of the Plaintiff's appeal have no merit. Bald denial of objective fact does not change the fact or remove it. The Plaintiff has shown that the Plaintiff's claims are fully supported by the provisions of the Adoption Agreement (1984) Article I., 1.4, 1.5 (d, e, f), and by the Definition, " **Hours of Service** ", provided in the KDCAO Defined Pension Plan and Trust Document, Article I., section 1.24.

**(Derivation of the Equation for the Accrued Monthly Benefit)**

The Plaintiff understands that it may be standard procedure to use a Summary Plan Description Document for direction for, among other things, the determination of benefits. But in the case of the Plaintiff's Plan (1984), the Summary Plan Description Document (1979) has been packaged unamended with an amended Adoption Agreement, the Adoption Agreement (1984). The Summary Plan Description is a source of provisions only for the predecessor HHA Plan (1979).

The Adoption Agreement became effective in April, 1984. The Adoption Agreement (1984) covers any Participant with eligible Years of Service from April, 1984 and on. The Plaintiff was hired in November, 1984. Thus the Plaintiff's Determination of Benefit comes entirely under the purview of the Adoption Agreement (1984) . *__Accordingly, the Summary Plan Description (1979 ) was, indeed, inappropriately used in the determination of the Plaintiff's benefit.__*

The Summary Plan Description Document (1979) substantively differs from that provided by the Adoption Agreement (1984) . In the formulation provided in the Summary Plan Description (1979) , it is specified that the benefit is reduced by a specified amount. In the Adoption Agreement (1984) , the formulation provides that the benefit is offset by a specified amount

The Defendant justifies the use of the Plan Description Document (1979) solely on the basis of the false counterclaim that the phrase, offset by, means reduced by or minus. The cited federal statutes adduced to support the claim, of course, cannot and do not do so. The phrase, offset by, doesn't mean minus, less or reduced by. As used in the Adoption Agreement (1984), it translates to mean plus .

 (1) The Defendant falsely infers from the phrase, reduced or offset, referred in IRS Revenue Ruling 71-446, Section 2.07, the HHA Plans and elsewhere, that offset means reduce. The inference is obviously false; the words, offset and reduce are not synonyms. **The phrase, reduced or offset, implies reduced or offset by minus something.**

 (2) The Defendant misconstrues the illustrative examples, provided with the Merriam-Webster definition of offset, so to infer, falsely that offset means reduce. In the dictionary, the words, offset and reduce, have separate, independent definitions; these words are not synonyms. The action of the verb, to offset, is to express or make or state a condition of balance between opposites. The measure of the state or condition of balance between opposites is, typically, the difference between them. The balance is offset by combinations of offsets taken as additions and subtractions of the contrasting opposites. For example, the balance between credits and debits may be offset by combinations of additions and subtractions of credits and debits. Additions of credits increase the balance whereas additions of debits reduce the balance. Subtractions of credits reduce the balance whereas subtractions of debits increase the balance. In common practice, an offset is applied by adding or subtracting a specified offset. Adding a negative is equivalent to subtracting a positive. An offset (noun), is a balance, counterbalance or

4

counterweight. Thus, applied offsets can be positive or negative and have positive and negative affects.

> *The phrase, offset by something, means offset by the addition of something.*
> *The phrase, offset by something, doesn't mean offset by minus something.*
> *The phrase offset by minus something, means offset by the addition of minus something or offset by the subtraction of something.*

(3) The Defendant misrepresents the <u>IRS Code, Section 401(1) (4) (D)</u> falsely implying that the Code, by definition, confirms that the phrase, offset by, means reduced by or minus. But the phrase, offset by, <u>*translates*</u> to mean plus; <u>*offset by minus means reduced by or minus*</u>. Reduce and offset are not synonyms. <u>*The Code stipulates that an 'Offset Plan" is an offset plan if and only if the benefit is the difference between the contribution attributable to the employer and a specified amount. But in the Adoption Agreement (1984), the offset, (2/3)xPIA, is actually applied or added to the factor, 0.45xAME. In the Adoption Agreement (1984), the NRB is the sum of specified, intrinsically positive factors and not the difference.*</u> Thus the Adoption Agreement (1984) does not fit the definition. Accordingly, IRS Code, Section 401(1) (4) (D) does not apply; furthermore, the benefit provided by the HHA Plan is not funded by Social Security.

(4) In Article V, 5.1 of the Adoption Agreement (1984) the definition of the Normal Retirement Benefit is: The Normal retirement benefit is equal to 0.45 times the average monthly earnings offset by (2/3) times the estimated social security benefit.

It is irrefutably true that the words offset and reduce are not synonyms. <u>*It is also irrefutably true that the phrase, 0.45xAME offset by (2/3)xPIA, as used in the statement of benefit in the Adoption Agreement (1984), means exactly the same thing as the phrase, the offset ,(2/3)xPIA , added to 0.45xAME . Consequently, the phrase, offset by , as used , does , in fact , translate to mean " in addition to or plus ", not minus. This conclusion is fully consistent with the alternative definition (2) in Merriam-Webster for the verb, to offset.*</u>

<u>*The phrase, offset by, as used, translates to mean plus; the phrase, offset by minus, means reduced by or minus .*</u>

Here and under paragraph 15 of the Amended Complaint, it has been proved that the phrase, offset by, as used, must translate to plus. Therefore, the proper formulation for the Accrued Monthly Benefit, in conformance with the Adoption Agreement (1984), is:

$AMB_{(1984)} = [0.45 \times AME + (2/3) \times PIA] \times PAF_{(1984)}$.

The objective facts in the case show that the Defendant's rationale for denial is inconsistent with the authoritative provisions of the Adoption Agreement (1984), cited federal rules and statutes and common understanding of meaning and usage of the English language. The determination of my monthly benefit should be corrected as appealed.

The Plaintiff repeats, realleges and incorporates herein the entire section titled <u>Factual Allegations</u> in the Amended Complaint and Paragraphs 1 through 15 of the Plaintiff's answers to the Defendant's responses to the Amended Complaint.

### Count II

### Breach of Contract

17. The Plaintiff disagrees with the Defendant's response. The Plaintiff reaffirms the position stated in paragraph 17. of the Amended Complaint
   The Plaintiff repeats, realleges and incorporates herein the entire section titled <u>Factual Allegations</u> in the Amended Complaint and Paragraphs 1 through 16 of the Plaintiff's answers to the Defendant's responses to the Amended Complaint.

### Count III

### Unjust Enrichment

18. The Plaintiff disagrees with the Defendant's response. The Plaintiff reaffirms the position stated in paragraph 18 of the Amended Complaint.
   The Plaintiff repeats, realleges and incorporates herein the entire section titled <u>Factual Allegations</u> in the Amended Complaint and Paragraphs 1 through 17 of the Plaintiffs answers to the Defendant's responses to the Amended Complaint

19. The Plaintiff disagrees with the Defendant's response. The Plaintiff has repudiated all previous justifications that the Defendant has made for denial  The Defendant offers no further proof, refutations of claims of proof, cause or reason for the Defendant's denials,
   The Plaintiff repeats, realleges and incorporates herein the entire section titled <u>Factual Allegations</u> in the Amended Complaint and Paragraphs 1 through 18 of the Plaintiffs answers to the Defendant's responses to the Amended Complaint

### First Affirmative Defense

20. The Plaintiff disagrees with the Defendant's response. The Plaintiff has clearly and exhaustively demonstrated that Defendant's denials misrepresent the authoritative provisions of the KDCAO Defined Benefit and Trust Document, the Adoption Agreement (1984), the laws adduced to support the Defendant's justifications for denial and the common understanding of meaning and usage in the English language. The statement that the Amended Complaint fails to state a claim upon which relief can be granted is false. To the contrary, the Plaintiff has demonstrated that his claims are entirely supported by and consistent with the KDCAO Defined Benefit and Trust Document, the Adoption Agreement (1984) and a common understanding of meaning and usage in the English language.
   The Plaintiff repeats, realleges and incorporates herein the entire section titled <u>Factual Allegations</u> in the Amended Complaint and Paragraphs 1 through 19 of the Plaintiff's answers to the Defendant's responses to the Amended Complaint

### Second Affirmative Defense

21   The Plaintiff disagrees with the Defendant's response. The response is false. Were there any insufficiency, the Defendant is obligated to identify it. The allegation of insufficiency of process is refuted and denied by the preponderance of objective evidence to the contrary provided by the Plaintiff.

The Plaintiff repeats, realleges and incorporates herein the entire section titled <u>Factual Allegations</u> in the Amended Complaint and Paragraphs 1 through 20 of the Plaintiff's answers to the Defendant's responses to the Amended Complaint

The Plaintiff delivers these representations in answer to the Defendant's responses to the Plaintiff's Amended Complaint, Civil Action NO. 04-11334JLT

Respectfully,

Dated: September 3, 2004

Paul W. McCree, Jr.



FILED
CLERKS OFFICE
2004 SEP -7 P 4: 27
U.S. DISTRICT COURT
DISTRICT OF MASS

173 Goodman's Hill Road
P.O. Box 77
Sudbury, MA 01776
September 3, 2004

Civil Clerk's Office
United States District Court
For the District of Massachusetts
John Joseph Moakley U.S. Courthouse
One Courthouse Way
Boston, MA 02210

   Reference; Civil Action NO. 04-1134JLT
      Paul W. McCree, JR.
        Plaintiff
         v
     Pension Benefit Guaranty
       Corporation
       Defendant

Dear Mr. or Ms.:

  I enclose, herewith, a copy of the Plaintiff's answer to the Defendant's response to the Plaintiff's Amended Complaint.

           Respectfully,

           *[signature]*
           Paul W. McCree, Jr.