UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| PAUL W. McCREE, Jr., )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>PENSION BENEFIT GUARANTY )<br>CORPORATION, )<br>)<br>Defendant. ) | CIVIL ACTION NO. 04-11334 JLT |

**STATUS REPORT**

**Background**

Plaintiff Paul W. McCree, Jr. is a participant in the H.H. Aerospace Design Co., Inc. Defined Benefit Pension Plan (the "Plan"). Defendant Pension Benefit Guaranty Corporation ("PBGC") is the United States government agency that administers the pension plan termination insurance program under Title IV of the Employee Retirement Income Security Act of 1974 ("ERISA"). Plaintiff brought this lawsuit because he disagrees with PBGC's determination of his pension benefit.

There are two issues in this case; the issues concern the meaning of the terms "compensation" and "offset," terms used in the documents governing the Plan ("Plan Documents"). This Court held an initial scheduling conference on November 2, 2004. At that time, Plaintiff offered to present the Court with evidence in support of his claims that PBGC incorrectly interpreted the terms of the Plan document provisions regarding "Compensation." PBGC agreed to examine the evidence, and the Court issued an Order directing PBGC to file a status report on December 1, 2004.

On November 4, 2004, Plaintiff filed a Motion to Supplement his Summary Judgment motion, and attached the following evidence: a March 18, 1991 letter from the Department of Labor; Employee Earnings Records for 1988, 1989 and 1991; a check stub for July 1986; a check stub for June 1987; and Employee Earnings and Deduction Statements for the period May 31, 1988 - June 4, 1988; June 30, 1989 - July 21, 1989; and May 31, 1990 - June 22, 1990.  On November 12, 2004, Plaintiff filed a letter that detailed the method by which he believes his Compensation should be calculated.  PBGC has reviewed the evidence submitted by Plaintiff and hereby files this status report in accordance with the court's November 2, 2004 Order.

**I.     Sufficiency of the Evidence Regarding "Compensation"**

The Plan document specifically states that a participant's accrued benefit shall be based on his Average Monthly Compensation.  Average Monthly Compensation is defined as the monthly Compensation averaged over 5 years of service.  Compensation is defined as the total compensation that is subject to tax and actually paid within such year.

Because W-2 Statements are the best indicator of what a participant was actually paid each year, subject to tax, PBGC calculated Plaintiff's Compensation using W-2 Statements whenever available.

Plaintiff does not allege that his W-2 Statements are incorrect.  Plaintiff alleges that he is owed as much as $70,000 in unpaid wages by his former employer, and that these unpaid wages are not reflected in his W-2 Statements.  For this reason, Plaintiff alleges that PBGC should not follow the terms of the Plan document by basing his pension benefit on his actual taxable earnings.  Plaintiff asks PBGC to look at his evidence and create new earnings records for him, based on what Plaintiff believes he should have been paid.

At the November 2, 2004, hearing, Plaintiff stated that he voluntarily chose not to be part of a group of employees who successfully sued his former employer and obtained judgments for their unpaid wages, because he and his former employer were friends.  Plaintiff is unable to show he has ever taken any legal action to obtain a judgment for his alleged unpaid wages, nor has Plaintiff's former employer ever been convicted of withholding any wages from Plaintiff. Plaintiff now demands that PBGC create new earnings records for him, based on the premise that Plaintiff could have sued his former employer and prevailed.   PBGC does not know what defenses Plaintiff's former employer may have had to Plaintiff's allegations.

Based on the evidence submitted by the Plaintiff and reviewed by PBGC, PBGC finds no basis to change its determination of Plaintiff's pension benefit.

## II.     Sufficiency of the Evidence Regarding "Offset"

Plaintiff has not submitted any evidence in support of his argument that the word "offset" could mean "plus" or "add," in the context of the Plan's Social Security Offset provision.

## III.    Pending Motions

Both parties have dispositive motions pending in this case; PBGC filed a Motion for Judgment on the Pleadings on October 5, 2004, and Plaintiff filed a Motion for Summary Judgment on October 21, 2004, and supplemented his Motion on November 4, 2004 and November 12, 2004.  The motions have not yet been ruled upon.

If the Court believes that the summary judgment standard is appropriate for the disposition of the issues in this case, PBGC is prepared to file its administrative record, and defend its determination under the Administrative Procedure Act, 5 U.S.C. § 706(2)(A).

          Respectfully submitted,

Dated: December 1, 2004        /s/ Sherease Pratt Louis
      JAMES J. KEIGHTLEY
      General Counsel
      WILLIAM BEYER
      Deputy General Counsel
      ISRAEL GOLDOWITZ
      Assistant General Counsel
      SHEREASE PRATT LOUIS (NY SL7322)
      Staff Attorney

      Attorneys for
      PENSION BENEFIT GUARANTY CORP.
      Office of the General Counsel
      1200 K Street, N.W., Ste.340
      Washington, D.C. 20005-4026
      (202) 326-4020, ext. 3477
      (202) 326-4112 (facsimile)
      louis.shereasepratt@pbgc.gov and efile@pbgc.gov

## CERTIFICATE OF SERVICE

  I certify that a copy of the attached Status Report has been filed electronically and served upon *pro se* plaintiff Paul W. McCree by certified mail, return receipt requested, on this 1st day of December 2004, at the following address:

Paul W. McCree
173 Goodman's Hill Road
P.O. Box 77
Sudbury, Massachusetts 01776

                */s/ Sherease Pratt Louis*
                Sherease Pratt Louis (NY SL7322)