United States District Court
District of Massachusetts

| | |
|---|---|
| Paul W McCree, Jr., ) | |
| ) | |
| Plaintiff ) | Civil Action NO. 04-11334JLT |
| ) | |
| v. ) | |
| ) | |
| Pension Benefit Guaranty ) | |
| Corporation, ) | |
| ) | |
| Defendant ) | |

**Plaintiff's Response to the Defendant's Status Report**
(Dated:12/01/2004)
**Background**

At close of the initial scheduling conference on November 2, 2004, the Court requested that the Plaintiff deliver to the Defendant such evidence as he might have that substantiate and validate his record of employment and salary while employed by the H. H. Aerospace Systems Design Co., Inc. The Plaintiff has supplied this information to the Court and to the Defendant in supplemental pleadings.

There are two issues in this case:

(1) The Determination of the Average Monthly Compensation or Earnings

(2) The Determination of the Normal Retirement Benefit

**I. The Determination of the Average Monthly Compensation or Earnings**

The HHA Plan provides that the Average Monthly Compensation or Earnings means the monthly Compensation of a Participant averaged over **five consecutive Years of Service. Furthermore, Years of Service are the accumulation of Hours of Service.**

In the KDCAO Defined Benefit and Trust Document, Article I., Definitions , para. 1.24, " Hour of Service " is defined to mean each hour for which an Employee is directly or indirectly compensated or entitled to compensation for by the Employer for the performance of duties during the applicable computation period. **Further on, this document stipulates that " For purposes of this Section, a payment *shall be deemed to be made by or due* from the employer regardless of whether such payment is made by or due from the employer.....".**

1

Thus, determination of the Average Monthly Compensation is not solely a matter of what the Participant is actually paid but it is also a matter of **justly giving credit for entitled, compensation for unpaid, accrued Hours of Service. The pension benefit for any Participant is fundamentally based on entitled compensation credited for a Participant's paid and accrued Hours of Service.** *Unpaid, accrued Hours of Service are deemed paid.* **Indeed, under the Adoption Agreement (1984), Article I, 1.5 (d,e,f), total, taxable Compensation is shown to mean " actually paid: or paid and accrued ".** *Thus, for the determination of the Average Monthly Compensationt for any Participant, the Plan justly requires that any Participant shall be credited compensation for the prescribed Years of Service based on the Participant's accumulated total Hours of Service performed as an Employee during the period of computation.*

**The Defendant used W-2 data to determine the Plaintiff's Average Monthly Compensation. However, in the Plaintiff's case, the employer withheld payment of wages for accrued Hours of Service. However, W-2 data registers only the income actually paid. Consequently, the Defendant's determination of the Plaintiff's Average Monthly Compensation is not in accord with the Plan's provisions. In remedy, the Plaintiff has provided a full and accurate record of his history, as a fully employed, salaried employee at the H.H. Aerospace Design Co., Inc. The record shows, for the applicable computation period, his total, taxable, entitled compensation, paid and accrued. Based on these data, the Plaintiff has derived the correct value for his Average Monthly Compensation commensurate with his accumulated Hours of Service.**

The Defendant's interpretations directly violate provisions of the HHA Plan. The Plaintiff is not trying to restore unpaid wages. Were that a concern, he could have sued the employer. The issue, here, is that the Plan specifically requires that any Participant shall be credited for entitled compensation, paid and accrued for Hours of Service performed during the computation period. Consequently, it is entirely consistent with the provisions of the Plan that the total, taxable Compensation credited in the determination of any Plaintiff's Average Monthly Compensation is the sum of the actually paid compensation and compensation, deemed paid, for unpaid, accrued hours of service.

## II. The Determination of the Normal Retirement Benefit

In the Plaintiff's Complaint, the Plaintiff's Answer to the Defendant's Response to the Complaint and in Supplemental Pleadings by the Plaintiff, the Plaintiff has exhaustively shown that the *phrase, offset by,* as used, translates to mean plus. The Plaintiff has never asserted that the word, offset, means add. **The Plaintiff has consistently maintained that the verb, to offset, means to balance or to counter weigh or to counterbalance or to make up for. The Defendant falsely maintains that to offset means to reduce. Consequently, the Plaintiff's monthly pension benefit is wrongfully reduced.**

## III. Summary

The Defendant carelessly misrepresents the issues in the case and the Plaintiff's position regarding them. The Defendant misrepresents the meaning and intent of the provisions of the Plan. The Defendant's bald denials are no defense. The Plaintiff's claims and motions are fully supported by the material facts in the case.

Respectfully,

*Paul W. McCree Jr.*

Paul W. McCree, Jr.

Dated: 12/04/04

cc: Attorney Sherease Pratt Louis
    Pension Benefit Guaranty Corporation
    Office of the General Counsel
    1200 K. Street, N. W.
    Washington, D.C. 20005-4026